**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RENATO SALOMON,<br><br>  Plaintiff,<br>vs.<br><br>ANDREA C. & THE ANDREA C. FISHING CORPORATION,<br><br>  Defendants. | CASE NO. 06CV484 WQH (RBB)<br><br>ORDER DENYING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE DEPOSITION TESTIMONY OF ZENON KOZMINSKI (Doc. # 69) |

HAYES, Judge:

Pending before the Court is Defendants' motion to exclude the deposition testimony of Zenon Kozminski. (Doc. # 69). The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**BACKGROUND**

On March 3, 2006, Plaintiff Renato Salomon filed the Complaint in this matter against Defendants Andrea C. and the Andrea C. Fishing Corporation. (Doc. # 1). In an around September, 2006, the parties made pretrial disclosures pursuant to FED. R. CIV. P. 26. As part of Plaintiff's pretrial disclosures, Plaintiff listed Zenon Kozminski as a witness. In and around February, 2007, Kozminski signed a declaration with respect to the incident which occurred aboard the Andrea C. on January 17, 2005.

On January 28, 2008, the parties appeared before the Honorable William Q. Hayes, United

States District Judge, for a pretrial conference. (Doc. # 36). At the pretrial conference, the Court set the matter for jury trial to begin on March 24, 2008. (Docs. # 36, 38). After learning that the jury trial would be scheduled for March 24, 2008, Plaintiff's counsel stated that he would have to check to see whether Kozminski, a percipient witness, was available for trial given Kozminski's schedule as an employee of a fishing boat. Plaintiff's counsel noted that if Kozminski was not available for trial, Plaintiff's counsel would have to take his deposition. Defense counsel objected to the taking of Kozminski's deposition.

On February 13, 2008, Plaintiff's counsel e-mailed Defense counsel to inform Defendants that Plaintiff would be deposing Kozminski on either February 25, 2008, or February 26, 2008. Plaintiff's counsel knew that Defense counsel was unavailable on those days, however, Kozminski was not available for deposition during a time when Defense counsel was available in February of 2008. On February 25, 2008, Plaintiff's counsel deposed Kozminski in Texas. Defense counsel's associate attorney, Lisa Taylor, attended the deposition on behalf of Defendants.

On March 7, 2008, Defendants filed the pending motion to exclude Kozminski's deposition testimony. (Doc. # 69).

**DISCUSSION**

Defendants move to exclude the deposition testimony of Zenon Kozminski on the grounds that the deposition was not properly noticed pursuant to FED. R. CIV. P. 30(b) and that admission of Kozminski's deposition testimony would be unfairly prejudicial. (Doc. # 69). Plaintiff contends that Defendants' motion should be denied because exceptional circumstances warranted taking Kozminski's deposition on short notice and Defendants have not been unfairly prejudiced.

FED. R. CIV. P. 30(b) provides that, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." "[T]he determination as to what constitutes 'reasonable notice' is made on a case-by-case basis." *Cecena v. Allstate Insurance Co.*, No. C05-03178 JF (HRL), 2006 U.S. Dist. LEXIS 86304, *4 (N.D. Cal. Nov. 9, 2006) (citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005)).

On January 28, 2008, the parties learned for the first time that the jury trial would begin on either March 24, 2008, or March 25, 2008, and Plaintiff's counsel informed the Court at that time that

it was possible that Kozminski may not be able to attend trial. Thereafter, on February 13, 2008, Plaintiff's counsel e-mailed Defense counsel to inform Defendant that Plaintiff would be noticing Kozminski's deposition for either February 25, 2008, or February 26, 2008, because Kozminski's was unavailable for trial. Defense counsel responded to the e-mail of February 13, 2008, by suggesting that the deposition occur on either February 27, 2008, or February 28, 2008, because Defense counsel was out of town. However, because Kozminski was unavailable on either February 27, 2008, or February 28, 2008, Plaintiff informed Defense counsel on February 20, 2008, that the deposition would be noticed for February 25, 2008.

It is undisputed that Kozminski works aboard fishing boats and was in the United States and available for deposition on an irregular basis. It is further undisputed that Kozminski was unavailable for deposition on either February 27, 2008, or February 28, 2008. After reviewing the pleadings with respect to Defendants' motion, the Court concludes that Plaintiff provided Defendant with reasonable notice of Kozminski's deposition under the facts presented. Defendants' motion to exclude Kozminski's deposition testimony for failure to provide reasonable notice pursuant to FED. R. CIV. P. 30(b) is DENIED.

With respect to Defendants' argument that the deposition should not be admitted because it is unfairly prejudicial, the Court finds that Defendants have not established that admission of Kozminski's deposition testimony would be unfairly prejudicial. *See* FED. R. EVID. 403. Lisa Taylor represented Defendants at Kozminski's deposition, and Defendants have not contended that Taylor was unable to adequately protect Defendants' interests at the deposition. Defendants' motion to exclude Kozminski's deposition testimony on grounds of unfair prejudice is DENIED.

**CONCLUSION**

(1) Defendants' motion to exclude the deposition testimony of Zenon Kozminski (Doc. # 69) is DENIED.

(2) The parties are hereby Ordered to designate, file, and serve on opposing counsel those portions of the Kozminski deposition which they intend to use at trial on or before **Friday, March 21, 2008**.

(3) If either party objects to the designation of any portion of the Kozminski deposition for use

1  at trial, that party may file objections to the opposing party's designation on or before **Monday,**
2  **March 24, 2008**. Any objections filed on Monday, March 24, 2008, **should be filed before 12:00**
3  **P.M.** so that the issues can be discussed at the hearing scheduled for 2:30 P.M.

4      **IT IS SO ORDERED**.

5  DATED: March 19, 2008

              *William Q. Hayes*
              **WILLIAM Q. HAYES**
              United States District Judge